UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MANUEL RAMOS,**<br><br>Plaintiff,<br><br>v.<br><br>**COWAN SYSTEMS, LLC,**<br><br>Defendant. | Civil Action No. 13-3639 (FLW)(LHG)<br><br>**ORDER DENYING<br>PLAINTIFF'S MOTION<br>TO DISQUALIFY<br>DEFENDANTS' COUNSEL** |

Presently before the Court is a cross-motion (the "Cross-Motion") filed by Plaintiff Manuel Ramos ("Plaintiff") seeking to disqualify the firm of Weber Gallagher Simpson Stapleton Fires & Newby LLP ("the Weber Firm"), and more specifically its attorneys Jeffrey A. Segal ("Segal") and Nancy Monte Carlo[1] from representing Defendants Cowan Systems LLC ("Cowan") and Thomas J. Hudak, Jr., d/b/a Hudak's Transportation Services ("Hudak") (collectively referred to as "Defendants") in this matter.  See ("Plf. Brief"). [Docket Entry No. 30].  Defendants oppose the Cross-Motion and seek an Order requiring Plaintiff to pay their attorneys' fees in responding as a sanction (the "Opposition"). [Docket Entry No. 46].  Pursuant to Fed. R. Civ. P. 78, the Court has reviewed the submissions of the parties without oral argument.  For the reasons set forth below, Plaintiff's Cross-Motion to disqualify counsel for Defendants is hereby DENIED.  Defendants' request for reimbursement of its fees in opposing the Cross-Motion is GRANTED.

---

[1] Segal advises that Nancy Monte Carlo has left the Weber Firm.  The part of the Motion pertaining to her is therefore moot.

1

I.   **BACKGROUND**[2]

On or about June 10, 2011, Plaintiff was driving a truck eastbound on Route 78 when his vehicle was struck from behind by another truck driven by James Richards ("Richards"). *See* First Amended Complaint ("FAC") ¶¶ 15, 17. Plaintiff sustained severe and permanent injuries as a result. FAC ¶22. On June 8, 2013, Plaintiff filed his initial Complaint, naming a single defendant, Cowan Systems, Inc., and identifying it as the owner of the truck operated by Richards. Complaint ¶ 7 [Docket Entry No. 1].

On March 14, 2015, Plaintiff filed a motion for leave to amend, seeking to add Hudak as a defendant. At the heart of Plaintiff's motion to add Hudak was Plaintiff's discovery that Hudak and Cowan had a lease agreement whereby Hudak provided both trucking equipment and drivers to Cowan. That information was at least in part obtained by virtue of a third-party subpoena Plaintiff served on Hudak. The Weber Firm represented Hudak in responding to the subpoena. By Order dated September 25, 2015, the motion was granted, and Hudak was subsequently joined into the action. The Weber Firm filed an answer on behalf of Cowan and Hudak on October 5, 2015. [Docket Entry No. 39]. It is this joint representation that forms the basis for the present Cross-Motion to disqualify the Weber Firm.

II.   **THE PARTIES' ARGUMENTS**

   A.   **Plaintiff's Arguments**

Plaintiff argues that the Weber Firm's representation of Defendants presents an actual conflict or the serious potential for a conflict which cannot be waived. Plaintiff's Brief at 1, 5. Plaintiff gives two rationales for this: first, Plaintiff contends that both Hudak and Cowan are

---

[2] Because of the parties' familiarity with the facts, only those facts necessary for an understanding of the issues before the Court are addressed.

parties to a lease, which puts them in an adversarial relationship. Plaintiff's Brief at 9. Because both of them may be called to testify at trial, Segal would be put in the position of having to cross-examine his own clients.

Second, Plaintiff argues that Segal also has a conflict because he has personal knowledge of discovery issues and documents that may or may not be produced. Plaintiff's Brief at 1, 9. Plaintiff's counsel may therefore call Segal as a witness at trial. Plaintiff's Brief at 9.

Plaintiff posits that these conflicts are actual and unwaivable. In the alternative, however, he contends that the Court should convene a hearing as to the adequacy of any waiver. Plaintiff's Brief at 1, 12.

In support of these arguments, Plaintiff relies largely on cases arising under the Sixth Amendment.

### B.     Defendants' Arguments

Defendants argue that Plaintiff simply has not given any basis for disqualification. Opposition at 1. First they note that Plaintiff has supplied no facts to support the Cross-Motion. Opposition at 1. They also contend that Plaintiff did not timely object to their joint representation of Cowan and Hudak until January 2015, despite being aware of it since October 2014. Opposition at 2. Even then, no support was given for the objection.

Defendants say that Plaintiff's allegations of conflict are difficult to understand. Opposition at 5. They contend that the Sixth Amendment cases relied upon by Plaintiff are totally inapplicable to a civil case arising out of a highway accident between two commercial vehicles. Rather, the Rules of Professional Conduct ("RPC's") govern, and they make clear that there is no conflict. Indeed, according to Defendants, their interests are completely aligned with

each other's and with the interests of Richards, their driver. Opposition at 6 (citing *Tare v. Bank of America*, Civ. No. 07-583, 2009 Lexis 2089, *9–10 (D.N.J. Jan. 13, 2009) (denying a motion to disqualify defense counsel in a civil case when the defendants shared common goals and interests and were therefore not adverse).

Defendants further object to counsel being categorized as fact witnesses for trial: the facts at issue relate to a vehicular accident to which counsel were not witnesses. Opposition at 7.

### III. STANDARD

"Resolution of a motion to disqualify requires the court to balance the need to maintain the highest standards of the legal profession against a client's right to freely choose his counsel." *Steel v. General Motors Corp.*, 912 F.Supp. 724, 733 (D.N.J.1995). The movant bears the burden of proving that disqualification is justified. *Carreno v. City of Newark*, 834 F.Supp. 2d 217, 224 (D.N.J. 2011) (citing *City of Atlantic City v. Trupos*, 201 N.J. 447, 463 (2010); *Maldonado v. New Jersey*, 225 F.R.D. 120, 136–37 (D.N.J. 2004)). "Disqualification must generally be based in fact." *Id*. "Surmise alone cannot support an order of disqualification." *Id*.

"The Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court [] govern the conduct of the members of the bar admitted to practice in this Court." Loc. Civ. R. 103.1(a). The Cross-Motion implicates two Rules: RPC 1.7 and RPC 3.7.

RPC 1.7(a)(1) permits an attorney to represent two parties in a lawsuit that are not adverse to each other. *Tare v. Bank of America, et al.*, Civ. No. 07-583, 2009 WL 4560694, at *2 (D.N.J. Oct. 10, 2008), *aff'd*, 2009 WL 90326 (D.N.J. Jan. 13, 2009). It states that:

4

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> > (1) the representation of one client will be directly adverse to another client; or
> > (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

RPC 3.7 prohibits an attorney who is a necessary witness from acting as an advocate at trial. *See Oswell v. Morgan Stanley Dean Witter & Co., Inc.*, Civ. No. 06-5814, 2007 WL 2446529, at *3 (D.N.J. Aug. 22, 2007)("Oswell"). RPC 3.7(a) states:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> > (1) the testimony relates to an uncontested issue;
> > (2) the testimony relates to the nature and value of legal services rendered in the case; or
> > (3) disqualification of the lawyer would work substantial hardship on the client.

"An attorney is 'likely to be a necessary witness only where he has crucial information in his possession which may be divulged.'" *Oswell*, 2007 WL 2446529, at *3 (quoting *Garza v. McKelvey*, Civ. No. 89-895, 1991 WL 3302, *3 (D.N.J. Jan. 2, 1991)). "The party seeking to disqualify an attorney must do more than simply make representations that a lawyer is a necessary witness for the attorney to be disqualified." *Id.* (citing *J.G. Ries & Sons, Inc. v. Spectraserv, Inc.*, 384 N.J. Super. 216, 230 (App.Div. 2006)("Such a mere representation, however, does not satisfy the threshold requirements of RPC 3.7, which specifies a likelihood that a lawyer will be a necessary witness.") "Indeed, the party seeking to disqualify must put forth evidence that establishes the likelihood that the attorney will be a necessary witness at trial and if it is unclear from the record as to whether or not the attorney's testimony is necessary, the

5

motion should be denied." *Id.* (citing *Host Marriott Corp. v. Fast Food Operators, Inc.*, 891 F.Supp. 1002, 1010 (D.N.J.1995)).

**IV.    ANALYSIS**

By way of the Cross-Motion, Plaintiff seeks to disqualify the Weber Firm from representing either Defendant as this case proceeds toward trial.  That Plaintiff perceives an actual or potential conflict is readily apparent; that he has shown one to exist is less so.

A party seeking to disqualify counsel must show the disqualification is justified.  Defendants say they have trouble understanding the basis for the motion; the undersigned cannot but agree.  Putting aside the bare boned allegations and speculation, Plaintiff offers nothing, either by way of law or fact, to support the request to disqualify.

The cases cited by Plaintiff are almost exclusively criminal cases arising under the Sixth Amendment.  Thus, they implicate constitutional rights, including the right to effective assistance of counsel.  Plaintiff appears to confuse the gravamen of this case, indeed at one point referring to his concern that the Weber Firm represents two witnesses (Cowan and Hudak) "who may be called to testify for the *prosecution* at trial." Plaintiff's Brief at 11 (emphasis added).

There can be no question that the standard is different for a civil case than for a criminal case.  A witness called by the prosecution to testify against a criminal defendant may indeed place counsel in a conflict position if he represents both the defendant and the adverse witness.  The same reasoning does not, however, apply in a civil case.  Here, Hudak and Cowan have repeatedly asserted their common interest in defending this suit.  They have not filed cross-claims or third-party complaints against each other, nor has either suggested that its defense

6

relies somehow on the culpability of the other.  In short, they have done nothing but espouse a common interest in their defense.

What's more, Plaintiff has done nothing to establish any facts underpinning the alleged conflict.  Plaintiff asserts that there is an adversarial relationship between Hudak and Cowan by virtue of their being parties to a lease agreement.  As noted previously, Cowan and Hudak deny any adverse relationship, nor does the record Plaintiff presents support one.  In fact, Plaintiff has presented virtually no record for this motion, only unsupported allegations and speculation.  For example, Plaintiff states without elaboration or citation that a conflict arose because Cowan and Hudak were "both parties to lease a agreement and who are inextricably involved in lease agreement that placed them in a clearly adversarial position to one another and the operations of the trucking company in this case."  Plaintiff's Brief at 9.  Saying it, however, simply does not make it so.  There is no basis to conclude that the lease agreement creates anything close to an adversarial relationship, let alone an unwaivable conflict.[3]

Although Plaintiff submitted a document entitled Certification of Facts, that document contains a single sentence: "Plaintiff seeks an Order disqualifying defense counsel."  [Docket Entry No. 45-5].  Plaintiff includes two exhibits with the motion.[4]  One exhibit is Segal's cover letter serving Hudak's responses to Plaintiff's subpoena, along with the responses themselves.  [Docket Entry No. 45-2].  The other is a copy of Department of Transportation regulations purportedly governing leasing agreements.  [Docket Entry No. 45-3].  Based upon this record, or lack of record, Plaintiff asks the Court to disqualify Defendants' counsel of choice.

---

[3] Because the undersigned finds no conflict has been shown, there is no need to address the issue of waiver.  *See, e.g., Tare*, 2009 WL 90326, at *3 (D.N.J. Jan. 13, 2009)("RPC 1.7(b) does not come into play unless it is first shown that there is a concurrent conflict of interest.")

[4] The exhibits are not attached to a certification or otherwise made part of the record.

7

There is an irony here that is not lost on the undersigned.  In seeking to amend the complaint to add Hudak, Plaintiff assured the Court that there would be no prejudice or delay because Cowan and Hudak shared counsel, such that any disruption would be minimal.  Plaintiff's Brief in Support of Motion to Amend at p. 9 ("The majority of discovery is complete in this case and defendants have the benefit of being represented by the same law firm.") [Docket Entry No. 30].  It is perplexing to say the least that Plaintiff should now seek to cause that very disruption and prejudice to Cowan in light of his prior assurances.

Plaintiff's parallel argument for disqualification on the basis that Defendants' counsel "are fact witnesses who potentially could be called as trial witnesses," Plaintiff's Brief at 3, is similarly devoid of support.  Plaintiff fails to explain why counsel's testimony as to "whether certain discovery exists," might be permissible in light of the protections afforded by the attorney-client privilege and the work product doctrine, let alone sufficiently *necessary* to implicate the prohibition of RPC 3.7.

Plaintiff's reliance on *U.S v. Merlino*, 349 F.3d 144, 152 (3d Cir. 2003) is misplaced.  In that case, the Third Circuit affirmed the district court's disqualification of the attorney, but its decision was on an appeal from a criminal conviction for racketeering and conspiracy.  As part of its opinion, the Court of Appeals explicitly found that the district court had "engaged in the balancing required of the Sixth Amendment."  349 F.3d at 150.  The same is true of *U.S. v. Cannistraro*, 794 F.Supp. 1313 (D.N.J. 1992), also relied upon by Plaintiff.  *See* 794 F.Supp. 1322 ("Indeed, the purpose of disqualification is to preclude a subsequent allegation of ineffective assistance of counsel.")  In other words, the cases are also criminal cases, where disqualification is assessed with an eye towards the Sixth Amendment, and are therefore inapposite in this civil case.

Because Plaintiff has not set forth an adequate basis in either law or fact for disqualifying Defendants' counsel under RPC 3.7, the Court declines to do so.

Finally, Defendants have sought reimbursement of the fees expended in opposing the Cross-Motion to disqualify. Were the undersigned able to infer even the remotest basis for the Cross-Motion, the conclusion on the request for fees might be otherwise. The record here, however, provides no basis in either law or fact for the Cross-Motion, leading to the conclusion that the only purpose was to harass Defendants and to further delay a resolution on the merits. Accordingly, the request for fees expended in opposing the Cross-Motion is hereby granted. Counsel for Defendants is instructed to submit an affidavit or certification detailing the time spent on its opposition within 30 days.

### V. CONCLUSION

The Court finds that Plaintiff has not put forth any basis for disqualifying counsel for Defendants. The cases cited are inapposite. The factual assertions amount to nothing more than bald faced allegations and have no support whatsoever. The Cross-Motion is therefore denied; the request for reimbursement of the fees expended in opposing the Cross-Motion is granted.

**THEREFORE**, for the reasons stated above, and for good cause shown,

**IT IS** on this **11th** day of **December, 2015,**

**ORDERED** that Plaintiff's Cross-Motion to Disqualify Defense Counsel [Docket Entry No. 45] is hereby DENIED; and it is further

**ORDERED** that Defendants' application for reimbursement of attorneys' fees expended in opposing the Cross-Motion is hereby GRANTED; and it is further

**ORDERED** that Defendants shall submit an affidavit or certification evidencing the fees granted above within 30 days.

*/s/ Lois H. Goodman*

**LOIS H. GOODMAN**
**United States Magistrate Judge**