# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MANUEL RAMOS, | : |
| Plaintiff, | : Civil Action No. 3:13-03639 (FLW)(LHG) |
| v. | : **MEMORANDUM & ORDER** |
| COWAN SYSTEMS, LLC and THOMAS J. HUDAK, JR. d/b/a HUDAK TRANSPORTATION SERVICES, | : |
| Defendants. | : |

Before the Court is Plaintiff's September 8, 2016 Motion for Partial Summary Judgment. Plaintiff's Motion was filed in direct contravention of the Court's instructions provided to the parties during the August 22, 2016 status conference, was filed without authorization in the Court's August 23, 2016 Scheduling Order, and is procedurally and substantively defective. Plaintiff's Motion will therefore be denied.

The parties appeared before the Court on August 22, 2016, for a status conference. The Court ruled that no further discovery would be taken. The Court also noted that there continued to be substantial disputes as to material facts relevant to the issue of liability and therefore instructed the parties to prepare for trial. The Court further ordered that Plaintiff file his anticipated *Daubert* motion to exclude the expert testimony of Defendants' accident reconstruction expert on or before September 6, 2016; that Plaintiff provide Defendants with updated medical records by September 6, 2016; and that Plaintiff and Defendant appear before the Court on September 29, 2016, for a final, pre-trial conference. The Court did not allow for the filing of any other motions.

Plaintiff contacted the Court by telephone on September 1, 2016, and requested that the deadline for the filing of Plaintiff's *Daubert* motion be extended. The Court granted Plaintiff's request and extended the deadline for filing to September 8, 2016.

Despite the Court's clear instructions, as of the date of this Order, Plaintiff has not filed his *Daubert* motion and instead has filed the present motion for summary judgment.

Under Rule 56, "summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citations omitted). "Rule 56[, however,] only requires a response to those motions for summary judgment made and supported as required. If evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." *Maldonado v. Ramirez*, 757 F.2d 48, 50 (3d Cir. 1985) (citations omitted). Here, Plaintiff seeks summary judgment on the central question of liability in this case, about which, as the Court observed during the August 22 hearing, there are undoubtedly disputed issues of material fact. Accordingly, Plaintiff has failed to meet his substantive burden.

Moreover, Plaintiff's motion was impermissibly filed without an accompanying statement of undisputed material facts. L. Civ. R. 56.1(a) provides that "[o]n motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. A motion for summary

judgment unaccompanied by a statement of material facts not in dispute shall be dismissed." Accordingly, Plaintiff's motion is procedurally defective.

Any one of these deficiencies alone would be fatal to Plaintiff's motion. Accordingly, for the reasons set forth above and for good cause shown,

**IT IS** on this 15th day of September, 2016,

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment is DENIED.

/s/ Freda L. Wolfson_____
The Honorable Freda L. Wolfson
United States District Judge